1  R. BRIAN DIXON, Bar No. 076247
   bdixon@littler.com
2  LAURA E. HAYWARD, Bar No. 204014
   lhayward@littler.com
3  JOSHUA ELEFANT, Bar No. 312913
   jelefant@littler.com
4  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
5  San Francisco, California 94104
   Telephone: 415.433.1940
6  Facsimile: 415.399.8490

7  Attorneys for Defendants
   CLEANNET USA, INC. and CLEANNET OF
8  SOUTHERN CALIFORNIA, INC.

9  *See Second Page for Additional Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CASTILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEANNET USA, INC., a Virginia corporation; D&G ENTERPRISES, INC., a California corporation, dba CLEANNET OF THE BAY AREA and CLEANNET OF SAN JOSE; CLEANNET OF SOUTHERN CALIFORNIA, INC., a California corporation; PAQNET, INC., a California corporation, dba CLEANNET OF SAN DIEGO; FCDK, INC., a California corporation, dba CLEANNET OF SACRAMENTO; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT**<br><br>**[JURISDICTION PURSUANT TO CLASS ACTION FAIRNESS ACT 28 U.S.C. §1332(d)]** |

**NOTICE OF REMOVAL TO FEDERAL COURT**

# ADDITIONAL COUNSEL

WILLIAM V. WHELAN, SBN 116372
LEAH S. STRICKLAND, SBN 265724
DEBORAH A. YATES, SBN 315590
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, CA 92101
Telephone:   619.231.0303
Facsimile:   619.231.4755
wwhelan@swsslaw.com
lstrickland@swsslaw.com
dyates@swsslaw.com

Counsel for Defendants FCDK, INC. (D/B/A CLEANNET OF SACRAMENTO), AND PAQNET, INC. (D/B/A CLEANNET OF SAN DIEGO)

CHARLES G. MILLER, SBN 39272
CHARLES GRIFFITH TOWLE, SBN 146401
SONY BROTO BARARI, SBN 243379
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:   415.956.1900
Facsimile:   415.956.1152
cmiller@bzbm.com
gtowle@bzbm.com
sbarari@bzbm.com

Counsel for Defendants D&G ENTERPRISES, INC. (D/B/A CLEANNET OF THE BAY AREA AND CLEANNET OF SAN JOSE)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT   2.

TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants CLEANNET USA, INC.; D&G ENTERPRISES, INC., dba CLEANNET OF THE BAY AREA and CLEANNET OF SAN JOSE; CLEANNET OF SOUTHERN CALIFORNIA, INC.; PAQNET, INC., dba CLEANNET OF SAN DIEGO; and FCDK, INC., dba CLEANNET OF SACRAMENTO hereby remove the above-entitled action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California. This removal is based on 28 U.S.C. sections 1332(d) and 1446.

## I. STATEMENT OF JURISDICTION

1. The Class Action Fairness Act of 2005 ("CAFA"), vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. Venue properly lies with the United States District Court for the Northern District of California as the district embracing the place where the Action is pending. *See* 28 U.S.C. §§ 84(a), 1391, and 1441(a). This action was filed in the Superior Court of California for the County of San Francisco. Plaintiff is a resident of San Francisco, California and performed janitorial services, which are the subject of this Complaint, in the San Francisco Bay Area. (Complaint ¶¶12, 13).

3. Assignment to the United States District Court for the Northern District San Francisco or Oakland Division in California is proper pursuant to Northern District of California Local Rule 3-2 (c) and (d) because the state court action was filed and is pending in the County of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT                3.

San Francisco and Plaintiff resides in San Francisco and worked in the San Francisco Bay Area. (Complaint at ¶¶12,13).

### III.   PLEADINGS, PROCESS AND ORDERS

4. On November 21, 2017, Plaintiff filed a class and collective action complaint in the Superior Court for the County of San Francisco entitled *LUIS CASTILLO, individually and on behalf of all others similarly situated, Plaintiff, v. CLEANNET USA, INC., a Virginia corporation; D&G ENTERPRISES, INC., a California corporation, dba CLEANNET OF THE BAY AREA and CLEANNET OF SAN JOSE; CLEANNET OF SOUTHERN CALIFORNIA, INC., a California corporation; PAQNET, INC., a California corporation, dba CLEANNET OF SAN DIEGO; FCDK, INC., a California corporation, dba CLEANNET OF SACRAMENTO; and DOES 1 through 25, inclusive,* Case No. CGC-17-562611 (hereinafter the "Complaint"). Defendant CleanNet of Southern California, Inc. ("CleanNet of Southern California") was served on November 27, 2017. Defendant D&G Enterprises, Inc., dba CleanNet of the Bay Area and CleanNet of San Jose ("D&G") was served on December 5, 2017. Defendant PAQNET, Inc. dba CleanNet of San Diego ("CleanNet of San Diego") was served on November 27, 2017. Defendant FCDK, Inc. dba CleanNet of Sacramento ("CleanNet of Sacramento") was served on November 28, 2017. True and correct copies of each Summons, and the Civil Case Cover Sheet and Complaint are attached hereto as **Exhibit A**.

5. This case has been brought as a class-action lawsuit alleging various violations of the California Labor Code on behalf of a class and subclass defined as:

> All persons who have purchased a CleanNet franchise and have performed janitorial work on behalf of Defendants within the State of California at any time during the period from at least four years prior to the filing of the original complaint in this action through the date of class certification.

> a. **Subclass:** All persons who have purchased a CleanNet [sic], who signed a promissory note with Defendants in order to purchase such franchise and have performed janitorial work on behalf of Defendants within the State of California at any time during the period from seven years prior to the filing of the original complaint in this action through the date of class certification.

(Complaint, ¶¶56-57.)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT    4.

6. Plaintiff's Complaint sets forth nine (9) purported causes of action as follows: (1) failure to pay minimum wage for all hours worked in violation of Labor Code sections 1182.11-1182.13, 1194(a), 1194.2, 1197 and Wage Order 5-2001; (2) failure to pay overtime wages in violation of Labor Code sections 510, 1194, 1198 and Wage Order 5-2001; (3) failure to provide off-duty meal breaks in violation of Labor Code sections 226.7, 512 and 558.1, and Wage Order 5-2001; (4) failure to provide rest breaks in violation of Labor Code sections 218.5, 226.7 and 558.1 and Wage Order 5-2001; (5) failure to indemnify employees for expenses in violation of Labor Code section 2802; (6) unlawful deductions from wages in violation of Labor Code section 221; (7) failure to pay waiting time penalties pursuant to Labor Code sections 201-203; (8) violation of Business and Professions Code § 17200 *et seq.*; and (9) violation of the California Trafficking Victims Protection Act, Cal. Civ. Code section 52.5. (Complaint, ¶¶ 64-122.)

7. Plaintiff seeks minimum wages, overtime wages, meal and rest break premiums, expense reimbursement, treble damages and/or penalties for alleged violations of Civil Code 52.5, penalties for alleged violation of Labor Code sections 203 and 221, attorneys' fees, interest, costs and restitution of all funds allegedly unlawfully acquired by Defendants. (Complaint, Prayer for Relief, ¶¶E-J.)

8. All Defendants join in this Notice of Removal. 28 U.S.C. § 1446(b); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

9. While CleanNet USA, Inc. ("CleanNet USA") has not yet been served by Plaintiff, CleanNet USA has made a general appearance in State Court and thus waived service. **Exhibit B.**

10. Since the Doe defendants have not yet been named or served, they need not join or consent to Defendants' notice of removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (superseded by statute on other grounds, as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988) (named defendants not yet served in state court action need not join the notice of removal). Furthermore, CAFA permits any defendant to unilaterally remove the action if requirements of CAFA for removal are met, as they are here. *See* 28 U.S.C. § 1453(b).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT       5.

11. On November 21, 2017, the Superior Court of California, County of San Francisco, issued an order setting a case management conference to take place on April 25, 2018. A true and correct copy of this Order is attached hereto as **Exhibit C**. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the San Francisco County Superior Court.

12. Pursuant to 28 U.S.C. section 1446(a), **Exhibits A**, **B and C** comprise all process, pleadings and orders that have been filed or received in this action by Defendants.

IV.   **RELATED CASE**

13. The present class action is related to a currently pending class action in the Northern District of California, before the Honorable Jeffrey S. White, *Estrada et al. v. CleanNet USA, Inc. et al.,* Case No. C-14-1785 JSW. The *Estrada* Complaint, which was filed against the same five Defendants as the matter herein, is premised on the same theory as that asserted in the present action, namely that D&G misclassified its franchisees as independent contractors, rather than treating them as employees, and that as such Plaintiff and the class he purports to represent are entitled to recover wages and penalties under the California Labor Code. The Franchise Agreement at issue in this case is virtually identical to that in the *Estrada* case, and importantly both contain a valid class action waiver. The *Estrada* case contained all of the claims asserted in this action, Failure to Pay Minimum Wage (Cal. Labor Code §1194), Failure to Pay Overtime Wages (Cal. Labor Code §§510, 1194), Unlawful Deductions from Wages (Cal. Labor Code §221), Failure to Indemnify Employees for Expenses (Cal. Labor Code §2802), Failure to Provide Rest and Meal Periods (Cal. Labor Code §§226.7 & 512) and Unlawful and Unfair Business Practices (Cal. Business and Professions Code §§ 17200, *et seq.*). The only two additional claims in the current action are Failure to Pay Waiting Time Penalties (Cal. Labor Code §203) and Violation to the California Trafficking Victims Protection Act (Cal. Civil Code §52.5) both of which are premised entirely on the same underlying facts and theory as the other claims in the case. A true and correct copy of the Complaint filed in the *Estrada* lawsuit is attached hereto as **Exhibit D**.

14. The *Estrada* lawsuit was filed on behalf of "All persons who have purchased or owned a CleanNet local unit franchise within the State of California at any time during the period

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT         6.

from four years prior to the filing of the original complaint in this action through the date of final judgment." The *Estrada* class is virtually identical to that alleged in the current action.

15. The *Estrada* lawsuit was assigned to Judge Jeffrey S. White, and Defendants successfully moved to compel individual arbitration, with Judge White retaining jurisdiction over the matter. The *Estrada* matter was arbitrated in May 2017 before Arbitrator Sochynsky. An order was issued on December 19, 2017.

16. The very same procedural and merits-based issues at issue in this action have thus already been dealt with by Judge White and Arbitrator Sochynsky. Defendants have filed a Notice of Related Cases in conjunction with this Removal.

## V.  TIMELINESS OF REMOVAL

17. This Notice of Removal is timely under 28 U.S.C. section 1446(b) this Notice has been filed within thirty days of November 27, 2017, the date of service of the Summons and Complaint on the earliest served defendants.

## VI.  CAFA JURISDICTION

18. As set forth below, this Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and Defendant CleanNet USA; and (4) the total amount in controversy for all class members exceeds $5,000,000.

### A.  There Is Diversity Between At Least One Class Member and Defendant.

19. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b).

20. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT        7.

residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). At the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resides in the State of California. (Complaint, ¶ 13). Therefore, Plaintiff is a citizen of California.

21.  Conversely, Defendant CleanNet USA is <u>not</u> a citizen of California. At the time this action was commenced in state court, CleanNet USA was, and still is, a corporation organized under the laws of the Commonwealth of Virginia. (Declaration of Steve Tessier ("Tessier Decl."), ¶ 3.) For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

22.  Similarly, Defendant CleanNet USA's principal place of business is in the Commonwealth of Virginia. (Tessier Decl., ¶ 3.) Although CNUSA conducts business in multiple states, CNUSA's business operations are coordinated through its headquarters in McLean, Virginia and an operations office in Columbia, Maryland. For example, decisions regarding the following corporate-wide issues relating to CNUSA operations are made from its headquarters in McLean, Virginia or the operations office in Columbia, Maryland. These decisions include, but are not limited to, the following: decisions regarding corporate policy; decisions regarding the purchase, financing and leasing of real properties; legal decisions; significant decisions regarding contracts and other purchasing; decisions regarding press releases and public affairs; decisions regarding revenue management; and policy decisions regarding advertising and marketing. The United States Supreme Court has established that the "nerve center" test should be used to determine a corporation's "principal place of business." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010). A corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where its "brain" is located. *Id.* at 1193. This analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT          8.

*Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made). CleanNet USA has no offices and no employees in California. (Tessier Decl. ¶4.) Thus, CleanNet USA is a citizen of the Commonwealth of Virginia, and/or Maryland, <u>not</u> a citizen of California.

23. Defendants Does 1 through 25 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

24. Accordingly, Plaintiff is a citizen of a State different from CleanNet USA and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**B.  The Proposed Class Contains More Than 100 Members**

25. 28 U.S.C. section 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is easily met in the case at bar.

26. Plaintiff seeks to represent a class consisting of "All persons who have purchased a CleanNet franchise and have performed janitorial work on behalf of Defendants within the State of California at any time during the period from at least four years prior to the filing of the original complaint in this action through the date of class certification." (Complaint, ¶ 56.)

27. Between November 21, 2013 and present, Defendant D&G had franchise agreements with **166** individuals in the State of California. (Declaration of David Crum ("Crum Decl."), ¶¶7-8.) Between November 21, 2013 and present, Defendant CleanNet of Southern California had franchise agreements with **111** individuals in the State of California. (Declaration of Mark Salek ("Salek Decl."), ¶¶7-8.) Between November 21, 2013 and present, Defendant CleanNet of San Diego had franchise agreements with **122** individuals in the State of California. (Declaration

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT           9.

of Tony Sabahi ("Sabahi Decl."), ¶¶7-8.) Between November 21, 2013 and present, Defendant CleanNet of Sacramento had franchise agreements with **88** individuals in the State of California. (Declaration of Frank Gilani ("Gilani Decl."), ¶¶7-8.) Accordingly, there are at least **487** putative class members in Plaintiff's proposed class, well in excess of the required 100 putative class members.

### C. Defendants Are Not Governmental Entities.

28. Under 28 U.S.C. section 1332(d)(5)(B), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

29. At the time this action was commenced in state court, Defendant CleanNet USA was, and still is, a corporation organized under the laws of the Commonwealth of Virginia and maintaining its principal place of business is in the Commonwealth of Virginia. (Tessier Decl. ¶ 2.) The remaining Area Operator Defendants are all California corporations organized under the laws of the California and maintaining their principal places of business in the State of California. (Crum Decl. ¶5; Gilani Decl. ¶5; Salek Decl. ¶5; Sabahi Decl. ¶5.) Thus, none of the Defendants are states, state officials or other government entities exempt from CAFA. (*Id.*)

### D. The Total Amount In Controversy Exceeds $5,000,000.00.[1]

#### a. Applicable Legal Standards

30. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

31. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*,

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendants deny that Plaintiff is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT      10.

135 S. Ct. 547, 554 (2014), recently recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id*. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

32. Here, Plaintiff has not alleged a specific amount in controversy in his Complaint. Yet, the face of the Complaint clearly demonstrates that the amount in controversy in this case exceeds $5,000,000.

33. While Defendants deny Plaintiff's claims of wrongdoing and deny his request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of statutory damages and attorneys' fees at issue in this action, when viewed in the light most favorable to Plaintiff, is well in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted). *See also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F. 3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by plaintiff's complaint). The estimate of the amount in controversy should not be based on the "low end of an open-ended claim," but rather on a "reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citation omitted).

34. Further, as one district court held, "[u]nder this standard, 'the removing party's burden is "not daunting," and defendants are not obligated to "research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-cv-02134-MCE-KJN, 2014 U.S. Dist. LEXIS 21571, at *19-20 (E.D. Cal. Feb. 19, 2014) (citations omitted) (denying

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT

11.

1  remand motion). That court noted that "[w]hen a '(d)efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '(d)efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Id.* at *20, *quoting Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted). Importantly, Defendants need not provide summary judgment-type evidence. *Cagle*, 2014 U.S. Dist. LEXIS 21571, at *21.

35. The amount in controversy in this case is comprised of the potential monetary recovery for Plaintiff's nine (9) causes of action, together with his claim for statutory attorney's fees. *See Lowdermilk v. US Bank National Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007) ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).). As set forth below and in the accompanying declarations, Plaintiff's claims unquestionably exceed the $5 million jurisdictional threshold.

36. Plaintiff alleges a cause of action for a violation of the Unfair Competition Law ("UCL"), Business and Professions Code section 17200, *et seq*. Complaint ¶¶ 104-111. Alleging a UCL violation extends the statute of limitations on Plaintiff's wage and hour claims from three to four years back to February 14, 2013. *See* Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL). Plaintiff additionally seeks waiting time penalties pursuant to Labor Code § 203. (Complaint, ¶¶ 45-50.). The statute of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three years. *Pineda v. Bank of America, N.A,* 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages"); Code Civ. Proc. Sec. 203(b). The statute of limitations for Plaintiff's Civil Code 52.5 California Trafficking Protection Act claim is seven years. Cal. Civ. Code § 52.5 ("An action brought pursuant to this section shall be commenced within seven years of the date on which the trafficking victim was freed from the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT    12.

trafficking situation or, if the victim was a minor when the act of human trafficking against the victim occurred, within 10 years after the date the plaintiff attains the age of majority.")

### b. Calculation of Amount In Controversy Related To Civil Code § 52.5 Claim.

37. As stated above, Plaintiff seeks damages under the California Trafficking Victims Protection Act, California Civil Code section 52.5 on behalf of a sub-class of those franchisees who signed a promissory note with Defendants in order to purchase a franchise and who have performed janitorial work on behalf of Defendants within the State of California at any time during the period from seven years prior to the filing of the original complaint in this action through the date of class certification. (Complaint, ¶57, 112-122). Under Civil Code section 52.5, Plaintiff may be awarded up to **three times** his or her actual damages or ten thousand dollars ($10,000), **whichever is greater**, in addition to actual damages, compensatory damages, punitive damages, injunctive relief and attorneys' fees. (Complaint, ¶113).

38. The total amount of promissory note payments collected by D&G from franchisees who have signed promissory notes for the period from November 21, 2010 to the present is **$529,017.00.** (Crum Decl., ¶13). In addition, D&G collected additional payments for initial franchise fee payments, royalties, administrative fees, and insurance related fees. *Id.*

39. The total amount of promissory note payments collected by CleanNet of Sacramento from franchisees who have signed promissory notes for the period from November 21, 2010 to the present is **$393,270.00**. (Giliani Decl., ¶13). In addition, CleanNet of Sacramento collected additional payments for initial franchise fee payments, royalties, administrative fees, and insurance related fees. *Id.*

40. The total amount of promissory note payments collected by CleanNet of San Diego from franchisees who have signed promissory notes for the period from November 21, 2010 to the present is **$791,500.00**. (Sabahi Decl., ¶13). In addition, CleanNet of San Diego collected additional payments for initial franchise fee payments, royalties, administrative fees, and insurance related fees. *Id.*

41.  The total amount of promissory note payments collected by CleanNet of Southern California from franchisees <u>who have signed promissory notes</u> for the period from November 21, 2010 to the present is **$385,641.05**. (Salek Decl., ¶13).  In addition, CleanNet of Southern California collected additional payments for initial franchise fee payments, royalties, administrative fees, and insurance related fees.

42.  The total amount of <u>promissory note payments alone</u> collected by Defendants for the period from November 21, 2010 to the present from putative sub-class members during the relevant period is **$2,099,428**.  **Thus, the amount in controversy for this claim <u>alone</u> is well in excess of three times this amount, or $6,298,284, and certainly in excess of the $5 million threshold.**  This is a conservative estimate as it excludes any of the additional payments made by the sub-class for initial franchise fee payments, royalties, administrative fees, and insurance related fees.  This also excludes Plaintiff's eight other causes of action or claim for attorneys' fees.

        c.  **Calculation of Amount In Controversy Related To Unlawful Deductions Claim Pursuant to §221.**

43.  As stated above, Plaintiff seeks damages under the California Labor Code section 221 on behalf of all persons who have purchased a CleanNet franchise and have performed janitorial work on behalf of Defendants within the State of California at any time during the period from at least four years prior to the filing of the original complaint in this action through the date of class certification.  (Complaint, ¶¶56, 93-97).  Plaintiff alleges that "Defendants have made unauthorized and otherwise unlawful deductions from the wages of Plaintiff and members of the class, including, but not limited to excessive and unfair royalty fees, management fees, franchise fees, and other miscellaneous fees." (Complaint, ¶96).  Plaintiff seeks all actual and statutory damages available in addition to attorneys' fees.  (Complaint, ¶113).

44.  The total amount of funds collected by D&G from all California franchisees for the period from November 21, 2013 to the present is **$3,657,725.**  These funds represent:

- Initial franchise fee payments $172,821
- Promissory note payments approximately $232,996
- Royalties $1,002,867

NOTICE OF REMOVAL TO FEDERAL COURT      14.

- Administrative fees $1,216,167
- Insurance related fees $1,012,234
- Supplies Purchased $20,640

45. The total amount of funds collected by CleanNet of Sacramento from all California franchisees for the period from November 21, 2013 to the present is **$1,178,790.00**. These funds represent:

- Initial franchise fee payments $14,900.00
- Promissory note payments $138,029.00
- Royalties $325,810.00
- Administrative fees $309,556.00
- Insurance related fees $390,495.00

46. The total amount of funds collected by CleanNet of San Diego from all California franchisees for the period from November 21, 2013 to the present is **$3,597,985.00**. These funds represent:

- Initial franchise fee payments $230,640.00
- Promissory note payments approximately $456,400.00
- Royalties $1,156,809.00
- Administrative fees $560,300.00
- Insurance related fees approximately $1,193.836.00

47. The total amount of funds collected by CleanNet of Southern California from all California franchisees for the period from November 21, 2013 to the present is **$2,759,161.14**. These funds represent:

- Initial franchise fee payments $143,824.65
- Promissory note payments approximately $164,798.29
- Royalties $612,365.36
- Administrative fees $1,059,972.89
- Insurance related fees $734,763.04
- Supplies and equipment related fees $43,436.91

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT        15.

48.     **Thus, the amount in controversy for this claim alone, is $11,193,661, well in excess of the $5 million threshold.**  This excludes Plaintiff's eight other causes of action or claim for attorneys' fees.

### d.     Calculation of Amount In Controversy Related To Business and Professions Code §17200.

49.     Plaintiff also alleges violations of California's Business and Professions Code §17200 *et seq.* on behalf of all persons who have purchased a CleanNet franchise and have performed janitorial work on behalf of Defendants within the State of California at any time during the period from at least four years prior to the filing of the original complaint in this action through the date of class certification.  (Complaint, ¶¶56, 104-111).  Plaintiff provides a laundry list of alleged violations for which he is seeking restitution of lost wages and other monies lost as a result of Defendants' alleged unlawful and unfair business practices, in addition to other remedies.  (Complaint, ¶¶106-110).

50.     Using the same calculations as set forth above in Paragraphs 43-47, **the amount in controversy for Plaintiff's Section 17200 claim, based on any of Plaintiff's theories, is likewise be $11,193,661, well in excess of the $5 million threshold.**  While Plaintiff would not be entitled to duplicative recovery, this is an alternative theory by which Plaintiff and the class could conceivably recover all amounts paid to Defendants as a result of entering their franchise relationships.  This excludes Plaintiff's eight other causes of action or claim for attorneys' fees.

### e.     Calculation of Attorneys' Fees.

51.     Furthermore, Plaintiff seeks attorneys' fees in his Complaint pursuant to all his causes of action. (Complaint, Prayer for Relief, ¶I)  It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees.  "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.'" *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)).  In California, it is not uncommon for an attorneys' fees award to be 25 to 33 percent of the recovery.

*See, e.g., Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008), *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."). At the lower percentage (25%) of the potential attorneys' fee award, Plaintiff has placed in controversy for attorneys' fees an amount equal to at least $1,574,571 in conjunction with his claim under Civil Code §52.5, or an amount equal to at least $2,798,415 in conjunction with his claims pursuant to Labor Code §221 or Business and Professions Code §17200.

52. Thus, although Defendants deny that Plaintiff and the putative class are entitled to any relief, accepting Plaintiff's claims as true, the $5 million jurisdictional amount requirement of the CAFA is therefore easily met.

53. Defendants provide the foregoing calculations only to demonstrate that the amount placed in controversy by Plaintiff's Complaint easily exceeds the amount in controversy requirement of the CAFA. Defendants make no admission of any liability or damages with respect to any aspect of this case, nor do they endorse or concede that the proffered methodology for such calculations for purposes of demonstrating that the jurisdictional minimum is met could be used in lieu of individualized inquiries or otherwise.

**VII.   NOTICE TO PLAINTIFF AND STATE COURT**

54. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the San Francisco County Superior Court.

WHEREFORE, Defendants respectfully request that this Court retain jurisdiction of this matter for all further proceedings.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT   17.

Dated: December 22, 2017

/s/ Laura E. Hayward
R. BRIAN DIXON
LAURA E. HAYWARD
JOSHUA ELEFANT
LITTLER MENDELSON, P.C.
Attorneys for Defendants
CLEANNET USA, INC. and CLEANNET OF SOUTHERN CALIFORNIA, INC.

Dated: December 22, 2017

/s/ William V. Whelan
WILLIAM V. WHELAN
LEAH S. STRICKLAND
DEBORAH A. YATES
SOLOMON WARD SEIDENWURM & SMITH, LLP
Attorneys for Defendants
FCDK, INC. (D/B/A CLEANNET OF SACRAMENTO), AND PAQNET, INC. (D/B/A CLEANNET OF SAN DIEGO)

Dated: December 22, 2017

/s/ Charles G. Miller
CHARLES G. MILLER
CHARLES GRIFFITH TOWLE
SONY BROTO BARARI
BARTKO, ZANKEL, BUNZEL & MILLER
Attorneys for Defendants
D&G ENTERPRISES, INC. (D/B/A CLEANNET OF THE BAY AREA AND CLEANNET OF SAN JOSE)

I hereby attest, pursuant to Civil Local Rule 5-1(i)(3), that I have obtained concurrence in the filing of this document from each of the signatories shown above.

Dated: December 22, 2017

/s/ Laura E. Hayward
LAURA E. HAYWARD

Firmwide:151740913.1 079260.1012

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL TO FEDERAL COURT

18.