# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CLEANNET USA, INC., a Virginia corporation; D&G Enterprises, INC., a California corporation, dba CLEANNET OF THE BAY AREA and CLEANNET OF SAN JOSE; CLEANNET OF SOUTHERN CALIFORNIA, INC., a California corporation; PAQNET, INC., a California corporation, dba CLEANNET OF SAN DIEGO; FCDK, INC., a California corporation, dba CLEANNET OF SCARAMENTO; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUIS CASTILLO, individually and on behalf of all others similarly situated

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* Civic Center Courthouse 400 McAllister street San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):* CGC - 1 7 - 5 6 2 6 1 1 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carole Vigne, 180 Montgomery Street, Suite 600, San Francisco, CA 94104, (415)864-8848

| DATE: *(Fecha)* NOV 31 2017 | Clerk of the Court Clerk, by *(Secretario)* NEYL WEBB | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* CLEANNET OF SOUTHERN CALIFORNIA, INC., a California Corporation
   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CLEANNET USA, INC., a Virginia corporation; D&G Enterprises, INC., a California corporation, dba CLEANNET OF THE BAY AREA and CLEANNET OF SAN JOSE; CLEANNET OF SOURTHERN CALIFORNIA, INC., a California corporation; PAQNET,INC., a California corporation, dba CLEANNET OF SAN DIEGO; FCDK, INC., a California corporation, dba CLEANNET OF SCARAMENTO; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUIS CASTILLO, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Civic Center Courthouse 400 McAllister street San Francisco, CA 94102 | *(Número del Caso):* **CGC-17-562611** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carole Vigne, 180 Montgomery Street, Suite 600, San Francisco, CA 94104, (415)864-8848

| DATE: **NOV 21 2017** | Clerk of the Court Clerk, by | **NEYL WEBB** | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: D+G Enterprises, Inc, a California corp. dba Cleannet of the Bay Area and Cleannet of San Jose

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CLEANNET USA, INC., a Virginia corporation; D&G Enterprises, Inc., a California corporation, dba CLEANNET OF THE BAY AREA and CLEANNET OF SAN JOSE; CLEANNET OF SOURTHERN CALIFORNIA, INC., a California corporation; PAQNET, INC., a California corporation, dba CLEANNET OF SAN DIEGO; FCDK, INC., a California corporation, dba CLEANNET OF SCARAMENTO; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUIS CASTILLO, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Civic Center Courthouse<br>400 McAllister street<br>San Francisco, CA 94102 | *(Número del Caso):*<br>CGC - 17 - 5 6 2 6 1 1 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carole Vigne, 180 Montgomery Street, Suite 600, San Francisco, CA 94104, (415)864-8848

DATE: **NOV 21 2017**           **Clerk of the Court** Clerk, by           **NEYL WEBB**           , Deputy
*(Fecha)*                                 *(Secretario)*                                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* FCDIC, INC., a California corporation, dba CLEANNET OF SACRAMENTO

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="text-align:right">FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CLEANNET USA, INC., a Virginia corporation; D&G Enterprises, INC., a California corporation, dba CLEANNET OF THE BAY AREA and CLEANNET OF SAN JOSE; CLEANNET OF SOUTHERN CALIFORNIA, INC., a California corporation; PAQNET,INC., a California corporation, dba CLEANNET OF SAN DIEGO; FCDK, INC., a California corporation, dba CLEANNET OF SCARAMENTO; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUIS CASTILLO, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse
400 McAllister street
San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
CGC - 17 - 5 6 2 6 1 1

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carole Vigne, 180 Montgomery Street, Suite 600, San Francisco, CA 94104, (415)864-8848

DATE: **NOV 21 2017**          Clerk of the Court Clerk, by _____ NEYL WEBB , Deputy
*(Fecha)*                         *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Paqnet, Inc. a California corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Mana Barari (SBN 275328); Carole Vigne (SBN 251829)
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA 94104
TELEPHONE NO.: (415) 864-8848    FAX NO.: (415) 593-0096
ATTORNEY FOR *(Name):* Plaintiff LUIS CASTILLO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
LUIS CASTILLO v. CLEANNET U.S.A., INC., et al.

FOR COURT USE ONLY

ENDORSED
FILED
San Francisco County Superior Court

NOV 2 1 2017

CLERK OF THE COURT
NEYL WEBB
BY: _____
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder    Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC - 17 - 5 6 2 6 1 1 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2017
Carole Vigne
_____          ►          _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Monique Olivier, State Bar No. 190385
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
Email: monique@dplolaw.com

Mana Barari, State Bar No. 275328
Carole Vigne, State Bar No. 251829
Henry Hewitt, State Bar No. 40851
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
Emails: mbarari@legalaidatwork.org, cvigne@legalaidatwork.org, hhewitt@legalaidatwork.org

*Attorneys for Plaintiff and the Putative Class*

ENDORSED
**F I L E D**
San Francisco County Superior Court

NOV 2 1 2017

CLERK OF THE COURT
BY: _NEVL WEBB_
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| LUIS CASTILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEANNET USA, INC., a Virginia corporation; D&G ENTERPRISES, INC., a California corporation, dba CLEANNET OF THE BAY AREA and CLEANNET OF SAN JOSE; CLEANNET OF SOUTHERN CALIFORNIA, INC., a California corporation; PAQNET, INC., a California corporation, dba CLEANNET OF SAN DIEGO; FCDK, INC., a California corporation, dba CLEANNET OF SACRAMENTO; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **CGC - 1 7 - 5 6 2 6 1 1**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. FAILURE TO PAY MINIMUM WAGE<br>2. FAILURE TO PAY OVERTIME WAGES<br>3. FAILURE TO PAY OFF-DUTY MEAL PERIODS<br>4. FAILURE TO PROVIDE REQUIRED REST PERIODS<br>5. FAILURE TO INDEMNIFY EMPLOYEES<br>6. UNLAWFUL DEDUCTIONS<br>7. FAILURE TO PAY WAITING TIME PENALTIES<br>8. VIOLATION OF THE UNFAIR COMPETITION LAW<br>9. VIOLATION OF THE CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT<br><br>**DEMAND FOR JURY TRIAL** |

Case No.:

CLASS ACTION COMPLAINT

Plaintiff LUIS CASTILLO ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Pursuant to California Code of Civil Procedure section 382, Plaintiff brings this class action for wage and hour claims on behalf of himself and a proposed class of similarly situated individuals against Defendants CleanNet USA, Inc.("CleanNet USA"), and its California Area Operators D&G Enterprises, Inc., dba CleanNet of the Bay Area and CleanNet of San Jose; CleanNet of Southern California, Inc.; PaqNet, Inc., dba CleanNet of San Diego; FCDK, Inc., dba CleanNet of Sacramento ( "Area Operators")). (CleanNet USA and the Area Operators are collectively referred to as "CleanNet" or "Defendants".)  In addition, Plaintiff brings claims of labor trafficking on behalf of himself a proposed subclass of similarly situated individuals against Defendants.

2.     CleanNet USA is a nationwide company which provides janitorial services to businesses and other facilities. Under its business model, CleanNet enters into franchise agreements with Area Operators.  Given the high level of governance exercised by CleanNet USA over Area Operators, CleanNet USA and the Area Operators are an integrated enterprise; or, in the alternative, the Area Operators are ostensible agents of CleanNet USA.

3.     Pursuant to these CleanNet USA agreements, Area Operators then enter into purported franchise agreements with individual workers, who perform the janitorial services.

4.     Plaintiff and proposed members of the class (hereafter referred to as "class members.") are individuals who perform janitorial work for CleanNet in California.  Pursuant to the "franchise agreement" they sign with CleanNet, these individuals perform janitorial services for customers selected by CleanNet.

5.     Though Defendants purport to denominate and treat franchise purchasers as "independent contractors," Plaintiff and putative class members are employees under California law.  Status as employees exists because CleanNet controls virtually every aspect of how Plaintiff and putative class members provide janitorial services, including the selection of customers, the location and scope of work to be performed, the time the work is to be performed, and the pay to

1

Case No.:

1   be received." Accordingly, CleanNet USA and Area Operators are employers of Plaintiff and

2   putative class members.

3       6.      As employees, Plaintiff and putative class members are guaranteed the protections

4   afforded by California's wage and hour laws, including the California Labor Code, Industrial

5   Welfare Commission Wage Order 5 ("Wage Order 5"), General Minimum Wage Order, and

6   local minimum wage ordinances, including, in the case of Plaintiff, the San Francisco Minimum

7   Wage Ordinance, codified in the San Francisco Administrative Code. However, CleanNet's

8   scheme of selling janitorial jobs through the sale of purported franchises has allowed it to evade

9   responsibility for the wage and hour protections to which Plaintiff and putative class members

10  are entitled under these laws.

11      7.      During relevant time periods commencing at least four (4) years prior to the filing

12  of this action and continuing on through the present (the "Class Period"),[1] Defendants have

13  violated California wage and hour laws by, *inter alia*, misclassifying Plaintiff and putative class

14  members as independent contractors, failing to pay the minimum wage, failing to pay overtime,

15  failing to provide meal periods, failing to authorize and permit rest periods, failing to indemnify

16  employees for expenses, failing to pay all wages due upon separation, and making unauthorized

17  deductions from wages. These multiple wage and hour violations under California law also

18  provide the basis for a claim for unlawful business practices under California Business and

19  Professions Code § 17200 *et seq*. (the Unfair Competition Law or "UCL").

20      8.      Plaintiff also brings claims on behalf of himself and a subclass, alleging that

21  during relevant time periods commencing seven (7) years prior to the filing of this action[2] and

22  continuing on through the present ("Subclass Period"), Defendants have violated the California

23  Trafficking Victims Protection Act ("CTVPA"). The subclass includes all class members who

24  were employed by Defendants during this time period and signed a promissory note in order to

25

26  [1] Plaintiff and putative class members' claims may be longer due to equitable tolling.

27  [2] There are a number of provisions within California Civil Code section 52.5 which allows for the suspension of the statute of limitations. (*See* Cal. Civ. Code § 52.5 (e) (stating "the running of the statute of limitations may be suspended if a person entitled to sue could not have reasonably

28  discovered the cause of action due to circumstances resulting from the trafficking situation, such as psychological trauma, cultural and linguistic isolation, and the inability to access services.")

1  buy a purported franchise and provide janitorial services to CleanNet clients. The subclass claims
2  center on the fact that CleanNet preys on vulnerable communities by targeting their advertising to
3  Spanish-speaking persons, using high pressure sales tactics, failing to disclose material
4  information and documents, making misrepresentations about critical terms, promising
5  guaranteed accounts that it does not actually provide, and guaranteeing income that unwitting
6  "purchasers" do not actually receive. Based on misrepresentations and false promises, CleanNet
7  sells "franchises" at an enormous expense to Plaintiff and putative subclass members, causing
8  Plaintiff and putative subclass members to enter into long-term debt arrangements with CleanNet
9  in order to afford such purchase. After charging large sums of money in up-front payments and
10 lending additional monies in this bait-and-switch scheme, CleanNet threatens Plaintiff and
11 putative subclass members with huge financial penalties—including the complete loss of the
12 franchise—if they were to withdraw from the agreement or turn down assignments. This scheme
13 led Plaintiff and putative subclass members to reasonably believe that in order to avoid serious
14 reputational, psychological and financial harm, they had no option but to remain in the
15 arrangement and to continue working for CleanNet. At all relevant times herein, Defendants
16 participated in a venture to obtain labor or services from Plaintiff and putative subclass members
17 through unlawful means, including false pretenses and threats of financial harm. Defendants also
18 knowingly benefitted from the forced labor of Plaintiff and putative subclass members.

19         9.      Defendants' wrongful conduct as alleged herein is continuing.

20         10.     This action seeks damages on behalf of Plaintiff and the putative class and
21 subclass, declaratory and injunctive relief, restitution, and attorneys' fees and costs.

22                              **JURISDICTION AND VENUE**

23         11.     This Court has jurisdiction over the claims alleged herein pursuant to California
24 Labor Code §§ 1194 and 2698 *et seq.*, and the California Constitution, Article VI, § 10.
25 Jurisdiction is further proper in this Court because Plaintiff resides in California, Defendants
26 regularly conduct business in California, the claims asserted by Plaintiff and putative class and
27 subclass members are governed by the laws of the State of California, and the injuries resulting
28 from Defendants' wrongful conduct were suffered in California.

1    12.    Venue is proper in this Court because Plaintiff resides and worked in San

2   Francisco County, and the alleged harm occurred in San Francisco County.  Plaintiff is informed

3   and believes, and on that basis alleges, that many putative class members also reside in and/or

4   worked in San Francisco County.

5                                             **PARTIES**

6    13.    Plaintiff is a resident of San Francisco, California.  Plaintiff was employed to

7   perform janitorial services by CleanNet in the San Francisco Bay Area between approximately

8   August 2011, when he purchased his "franchise", and approximately 2015.  Plaintiff seeks to

9   represent a class consisting of all persons who have purchased a CleanNet franchise and have

10  performed, or are performing, janitorial services in California on behalf of Defendants at any

11  time during the period from at least four years prior to the filing of the original complaint in this

12  action through the present (the "Class Period") (the "Class").[3]

13   14.    Defendant CleanNet USA, Inc. ("CleanNet USA") is a Virginia corporation with

14  its principal place of business in Columbia, Maryland.  On information and belief, CleanNet

15  USA is a suspended corporation in California.

16   15.    Defendant D&G Enterprises, Inc. ("D&G Enterprises") is a California corporation

17  and an Area Operator for CleanNet USA.  On information and belief, Defendant D&G

18  Enterprises, Inc. is doing business under the fictitious business names of CleanNet of the Bay

19  Area and CleanNet of San Jose, with its principal place of business in Oakland, California.

20   16.    Defendant CleanNet of Southern California, Inc. is a California corporation and

21  an Area Operator for CleanNet USA.  On information and belief, Defendant CleanNet of

22  Southern California, Inc. has its principal place of business in Santa Fe Springs, California.

23   17.    Defendant PaqNet, Inc. is a California corporation and an Area Operator for

24  CleanNet USA.  On information and belief, Defendant PaqNet, Inc. is doing business under the

25  fictitious business name of CleanNet of San Diego, with its principal place of business in San

26  Diego, California.

27   18.    Defendant FCDK, Inc. is a California corporation and an Area Operator for

28

[3] *See* n. 1, *infra.*

4                                                                    Case No.:

CLASS ACTION COMPLAINT

1  CleanNet USA. On information and belief, Defendant FCDK, Inc. is doing business under the

2  fictitious business name CleanNet of Sacramento, with its principal place of business in Rancho

3  Cordova, California.

4      19.    On information and belief, Defendants have been systematically and continuously

5  doing business in California. Defendants are, and at all times relevant to this Complaint were,

6  employers covered by the California Labor Code, Wage Order 5, the General Minimum Wage

7  Order, and local minimum wage ordinances.

8      20.    On information and belief, all Defendants are doing business as CleanNet, and are

9  operating a single, integrated business of providing cleaning and janitorial services to

10 commercial clients throughout the State of California; Defendant CleanNet USA provides and

11 sets the policies, forms, contracts, and marketing practices used by the Area Operators, so, in the

12 alternative, the Area Operators are ostensibly the agents of Defendant CleanNet USA.

13     21.    Defendants DOES 1 through 25 are persons or entities whose true names and

14 capacities are presently unknown to Plaintiff, who therefore sues them by such fictitious names.

15 Plaintiff is informed and believes, and on that basis alleges, that each of the factiously named

16 defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some

17 manner for the matters alleged herein, and is jointly and severally liable to Plaintiff and members

18 of the proposed Class. Plaintiff will seek leave of court to amend this Complaint to state the true

19 names and capacities of such fictitiously named defendants when ascertained.

20     22.    At all times mentioned herein, each named defendant and each DOE defendant

21 was the agent or employee of each of the other defendants and was acting within the course and

22 scope of such agency or employment and/or with the knowledge, authority, ratification and

23 consent of other defendants.

## FACTUAL BACKGROUND

### A.    CleanNet's Corporate Structure and Business Model.

26     23.    CleanNet provides commercial cleaning and janitorial services to businesses

27 throughout the United States. As described herein, CleanNet purports to operate pursuant to a

28 multi-tier franchise model. CleanNet sells local franchises through a network of corporate entities

1   and fictitious business names (referred to herein as "Area Operators"). Area Operators market

2   and sell local purported unit franchises to workers, like Plaintiff and the putative class members,

3   who perform the  cleaning and janitorial services for CleanNet's  commercial customers,

4   including offices, schools, health care facilities, banks, airports, and industrial sites.

5        24.    Defendant CleanNet USA closely controls the Area Operators, and jointly they

6   exert close control over Plaintiff and putative class members. Defendant CleanNet USA sets

7   national standards and policies for franchise agreements, franchise fees, branding, equipment,

8   supplies, and cleaning services for its Area Operators. Defendant CleanNet USA provides Area

9   Operators with the standard "franchise agreements," sales materials, disclosure documents,

10   operating manuals, periodic training, sample pricing for customer accounts, and automated

11   scheduling and fully integrated business software.

12        25.    CleanNet's approach and business model has been extremely profitable.

13   According to Entrepreneur magazine, between 2010 and 2012, CleanNet was one of the top ten

14   fastest growing franchisors in the nation; in 2015, CleanNet reported approximately 3,000

15   franchises nationwide.

16
17   **B.**    **CleanNet Has Intentionally Misclassified Plaintiff and Putative Class Members as Independent Contractors, Rather Than Employees.**

18        26.    CleanNet willfully misclassified and continues to misclassify Plaintiff and

19   putative class members as independent contractors in order to eschew their employer obligations

20   under California law.

21        27.    CleanNet implements a sophisticated arrangement that enables it to control

22   virtually every aspect of how Plaintiff and putative class members provide janitorial services to

23   its customers. The measure of control exercised by Defendants over Plaintiff and putative class

24   members goes far beyond that required to protect CleanNet's trade name, brand, and reputation.

25        28.    CleanNet determines where class members provide cleaning services, the pay

26   class members will receive, the amount of work involved, and the time when services are to be

27   provided. When class member s are told to show up at a particular location, they must accept or

28   reject the offer to work at the site before entering the space to see how much work is involved.  If

1  a class member decides not to work at the site chosen by CleanNet, CleanNet has no obligation

2  to replace that customer with another, thus putting further pressure on a class member to accept

3  whatever site and work assignment are given.

4        29.    CleanNet negotiates customer contracts for janitorial services and sets the price

5  for those services. Once a customer account has been assigned to a class member, the class

6  member is powerless to renegotiate the price or terms.  Class members cannot, for example,

7  renegotiate terms when it becomes clear that the per-hour pay for cleaning services is extremely

8  low given the amount of work involved.

9        30.    CleanNet also maintains control of and responsibility over all aspects of customer

10  relations, including fielding customer complaints. As a result, class members will be unaware

11  that a complaint has been made until such information is brought to their attention by CleanNet.

12  CleanNet controls the response to any complaints, deciding whether to permit the class member

13  to cure its supposedly defective service, or whether instead to terminate that class member's

14  assignment with that customer.

15  **C.**    **CleanNet, in Misclassifying Plaintiff and Putative Class Members, Failed and**

16          **Continues to Fail to Meet Basic Labor Protections Guaranteed to all**

17          **Employees.**

18        31.    CleanNet's policy and practice of willfully and intentionally misclassifying

19  Plaintiff and putative class members has resulted in significant wage and hour violations.

20        32.    CleanNet has a policy and practice of determining the price for each cleaning

21  service.  Upon information and belief, CleanNet chronically underbid its cleaning contracts with

22  commercial clients, making it difficult for Plaintiff and putative class members to earn the state –

23  or where applicable, a local – minimum wage, or overtime wages, when working over eight (8)

24  hours in a day or over forty (40) hours in a week.

25        33.    Further, CleanNet has a policy and practice of estimating completion times for

26  each cleaning service.  Upon information and belief, CleanNet uniformly underestimated and

27  continues to underestimate the time necessary to clean.  In addition, CleanNet required Plaintiff

28  and continues to require putative class members to perform additional work demanded by

1   CleanNet clients, beyond the services listed in CleanNet's boilerplate contract for its accounts,

2   but does not pay for this work.  These policies and practices together resulted and continues to

3   result in Plaintiff and putative class members earning less than the state – or where applicable, a

4   local – minimum wage or overtime wages, when working over eight (8) hours in a day or over

5   forty (40) hours in a week.

6        34.    Further, CleanNet has a policy and practice of setting the schedules of Plaintiff

7   and putative class members.  In doing so, CleanNet scheduled services with little regard for the

8   breaks mandated by law.  Accordingly, CleanNet did not provide Plaintiff and continues to not

9   provide putative class members thirty (30) minute off-duty meal periods after working five (5)

10   hours; in addition, CleanNet did not permit or authorize and continues to not permit or authorize

11   ten- minute paid rest periods for Plaintiff and putative class members, respectively, after working

12   four (4) hours, or every major fraction thereof.  Moreover, CleanNet has not had a policy or

13   practice of providing Plaintiff or putative class members with the required one hour of premium

14   pay, as a result of its failures to provide compliant meal periods or permit or authorize rest

15   periods, as they were misclassified as independent contractors.

16        35.    Similarly, CleanNet has a policy and practice of requiring Plaintiff and putative

17   class members to make purchases and incur work-related expenses, including, for example,

18   cleaning supplies.  Further, CleanNet has a policy and practice of not reimbursing Plaintiff and

19   putative class members for these purchases and work-related expenses, by misclassifying them as

20   independent contractors – when they are, in fact, employees with no obligation to incur just

21   expenses on behalf of their employer.

22        36.    In addition, CleanNet has a policy and practice of deducting from the earnings of

23   Plaintiff and putative class members several high monthly fees and charges, including but not

24   limited to royalty fees, management fees, and franchise fees, without authorization, by

25   misclassifying them as independent contractors – when they are, in fact, employees with no

26   obligation to pay fees to their employer.

27        37.    Given these many unlawful policies and practices, CleanNet has failed to pay

28   Plaintiff and separated putative class members all owed wages, including minimum and overtime

Case No.:

CLASS ACTION COMPLAINT

1  wages as well as missed meal and rest period premium wages, even upon termination or within

2  seventy-two (72) hours of an unnoticed resignation.

3       **D.**     **CleanNet's False Promises Induced Plaintiff and Putative Class Member to**

4                **Invest in a "Franchise;" the Franchise Agreements Are Rife with Unlawful,**

                  **Unfair, and Deceptive Terms; and Defendants Maintained Plaintiff's and**

5                **Trafficking Subclass Members' Labor and Services Through Threatened**

6                **Serious Harm.**

7       38.     Persons who invest in a CleanNet franchise are promised a long-term partnership

8  with many purported benefits: operating under the name of the established janitorial brand

9  CleanNet; being provided with a set of customer accounts; having their advertising and

10  marketing taken care of by the enterprise; and having established back office support to handle

11  customer invoicing, collections, and complaints. In reality, however, buying a franchise does not

12  guarantee customer accounts or even assistance in finding new accounts. Rather, upon

13  information and belief, CleanNet's business structure encourages Area Operators to focus their

14  attention on selling new franchises rather than supporting existing ones.  Defendants have taken

15  full advantage of this structure by selling more franchises than they can support, and terminating

16  class members' work assignments without cause and on false pretenses – so that they can sell

17  even more franchises to unwitting purchasers.

18  39.  Upon information and belief, through common practices in presenting information about

19  its franchises, CleanNet's representatives routinely make untrue and/or misleading statements

20  and omit information about purchasing a CleanNet "franchise."  For instance, at the time of

21  purchasing the purported franchise, CleanNet's representatives did not disclose to Plaintiff that it

22  cannot guarantee sufficient customer accounts to meet its obligations to all franchise owners.  In

23  addition, CleanNet's representatives further failed to disclose that it routinely terminates its

24  customer accounts without cause and on false pretenses.  CleanNet's representatives make these

25  material misrepresentations and/or omissions knowingly and intentionally to induce individuals

26  to sign franchise contracts.  Upon information and belief, putative subclass members were

27  provided with these material misrepresentations and/or omissions.

28  ///

40.     Further, the written terms of the CleanNet franchise agreements contain a number of false assertions and guarantees, including: a certain amount of income and sufficient business to satisfy the terms of the franchise contracts, sufficient cleaning accounts to earn a profit, and an assertion that the cost of purchasing and operating the franchise was disclosed prior to the purchase of the franchise.

41.     CleanNet offers a variety of franchise packages for different prices and fees, ranging from $2,950 to $83,000, with each package guaranteeing a specified amount of monthly gross billings.  Financing is available in 2- and 3-year plans, with a fixed monthly payment and interest rate.  In order to secure a loan from CleanNet for the balance of the franchise package fee, Plaintiff and putative subclass members must sign a promissory note to CleanNet.  In addition to the several high monthly fees, described above, CleanNet also charges monthly payments towards the initial purchase loan.

42.     CleanNet routinely advertises in Spanish-language magazines and specifically targets low-income, monolingual Spanish-speaking, immigrant communities to induce them to buy its franchises. When targeted individuals respond to the advertisements, CleanNet's representatives convince them that the cost of their large down payment will be *quickly* recouped with profit from their "franchise." Despite their audience, CleanNet's representatives present the franchise agreement and other documents only in English and do not actually translate word-for-word the dense legal contents therein.

43.     For example, when Plaintiff responded to an advertisement in a Spanish-language newspaper to learn more about purchasing a CleanNet franchise, he was not provided with any pertinent information, or even with a Spanish translation of the franchise agreement. Instead, his understanding of the CleanNet franchise agreement came exclusively from verbal representations made to him in Spanish by CleanNet's representative. In purporting to translate the franchise agreement, the representative promised Plaintiff that he would be guaranteed $3,000 per month in earnings by the third month. Rather than explaining the dense legal content of the franchise agreement, the representative made enticing promises about how much Plaintiff would earn with a CleanNet franchise and reassured him that there was nothing important to worry about in the

1   agreements. Further, the representative did not identify, explain, or translate the dispute

2   resolution provision contained in the franchise agreement. Based on the CleanNet

3   representative's misrepresentations, Plaintiff reasonably believed the franchise would be a smart

4   investment for himself. Such promises convinced Plaintiff and continue to convince putative

5   subclass members to sign the CleanNet franchise purchase agreement, without ever being

6   provided with translated versions of this complex legal document.

7        44.    As a result of the misrepresentations, Plaintiff purchased a franchise package

8   based on the "Initial Franchise Fee Price Schedule," which stated package levels and the cost of

9   buying a package at that level. Plaintiff paid $8,500 of his life savings as a down payment for the

10   franchise. For the $5,000 balance remaining to purchase the franchise, Plaintiff was required to

11   sign a promissory note, stating that the loan would accrue 9% annual interest and needed to be

12   paid in monthly installments. Plaintiff's finance agreement was for $159.00 per month for 36

13   months, starting on August 1, 2011. Upon information and belief, putative subclass members

14   were induced to make similar investments of income, and have signed promissory notes

15   requiring monthly installment payments.

16        45.    However, after over a year and a half of working long hours (and making regular

17   payments to CleanNet), Plaintiff's actual income was sporadic, and typically fell far short of the

18   monthly amount that he had been guaranteed with his franchise package. Despite earning

19   significantly less than what had been guaranteed, Plaintiff still had to pay the $159 per month

20   installments per his promissory note.   Upon information and belief, putative subclass members

21   were also required to make monthly installment payments despite not receiving the income

22   guaranteed by the franchise package.

23        46.    Even when Plaintiff began earning more after the first two years of work, he was

24   still earning less than the promised amount, and significant portions of his pay were withheld by

25   CleanNet in the forms of administrative and royalty fees. Further, Plaintiff was required to work

26   significantly more hours than CleanNet's representations had led him to expect. Plaintiff was

27   given work assignments with estimated completion times that uniformly underestimated the time

28   necessary to clean. Moreover, Plaintiff was required to perform additional work demanded by

1  CleanNet clients, beyond the services listed in CleanNet's boilerplate contract for its accounts,

2  and was not paid for this work. Under information and belief, putative subclass members were

3  also required to work significantly more hours and earn less than the income guaranteed by the

4  franchise package.

5       47.    Further, CleanNet regularly took away or decreased Plaintiff's accounts and work

6  assignments, either because he was only assigned to them temporarily, or because Plaintiff

7  declined to renew them because he was not paid for additional services rendered. CleanNet's

8  policy is to not give more business when work is declined, regardless of the reason for declining.

9  Instead, CleanNet demanded more money from Plaintiff to "upgrade" his package in order to

10  provide him with more business and earnings potential.

11       48.    Plaintiff was repeatedly threatened by CleanNet that he could not quit or he would

12  lose everything he had invested. In addition to losing his initial investment, Plaintiff would still

13  have significant debt to repay CleanNet. Plaintiff's reasonable fear of this serious financial harm

14  compelled him to continue working for CleanNet. Upon information and belief, putative

15  subclass members were also threatened with losing their initial investments, having significant

16  debt, and other financial harm, compelling them to continue working for CleanNet.

17       49.    When Plaintiff complained about the false promises made and the terms and

18  conditions of his work, CleanNet told Plaintiff that he should be careful if he did not want to lose

19  everything. Plaintiff understood this to be a threat regarding legal consequences if he continued

20  complaining. Upon information and belief, putative subclass members were also threatened with

21  other legal consequences, compelling them to continue working for CleanNet.

22      **E.**    **CleanNet USA and Its California Area Operators Are a Single Integrated**

23             **Enterprise and/or Are Joint Employers of Class Members.**

24       50.    Plaintiff is informed and believes, and on that basis alleges, that Defendants are

25  liable to Plaintiff and class members under legal theories including but not limited to integrated

26  enterprise, joint employment, and/or ostensible agency.

27       51.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have

28  operated, currently operate, and will continue to operate as a single integrated business enterprise

1  and should therefore be treated as a single employer. Though Defendants have multiple corporate

2  entities entity, there is but one enterprise and this enterprise has been handled such that it should

3  respond as a whole for the acts committed by Defendants, as alleged herein.

4        52.    CleanNet USA exercises governing authority by directly supervising the Area

5  Operators. CleanNet USA provides Area Operators with a comprehensive program which

6  includes franchise and contract sales with automated scheduling and fully integrated business

7  software. CleanNet USA directs how Area Operators bill clients and collect fees. CleanNet

8  USA requires that Area Operators use standardized disclosure documents and franchise

9  agreements, created by CleanNet USA in their California operations. CleanNet USA further

10  offers Area Operators a program for obtaining insurance and bonding. Further, all California

11  Area Operators are included within CleanNet USA's general company website for the purposes

12  of marketing, corporate information, and soliciting cleaning services.

13        53.    Alternatively, Plaintiff is informed and believes, and on that basis alleges, that

14  each Area Operator functioned as a joint employer with CleanNet USA of Plaintiff and class

15  members. CleanNet USA and its Area Operators are "employers" under the Wage Order 5 and

16  California law because they either directly or indirectly exercise control over the wages, hours, or

17  working conditions of the workers who perform janitorial services for them. Specifically,

18  CleanNet USA and the Area Operator possessed and exercised the right to control the details of

19  Plaintiff and the class members' work, and dictated to them when and where to do the work,

20  which type of supplies were required for the work, the type of training required to do to the work,

21  the design and administration of such training, what sequence to follow when performing the

22  work, and which tools or equipment to use.

23        54.    Further, Area Operators and CleanNet USA additionally function as joint

24  employers under a theory of ostensible agency. In particular, as a direct result of CleanNet USA's

25  business practices, Plaintiff and class members reasonably believed that the Area Operators were

26  agents of CleanNet USA, and that they were agreeing to work for CleanNet USA.

27        55.    Defendants' conduct as alleged herein is continuing.

28  ///

1   ///

2   ///

3   ///

## CLASS ACTION ALLEGATIONS

56.     Pursuant to California Code of Civil Procedure section 382, Plaintiff brings this action on behalf of himself and a class of similarly situated individuals. The proposed class (the "Class" or "class members") that Plaintiff seeks to represent is defined as:

> All persons who have purchased a CleanNet franchise and have performed janitorial work on behalf of Defendants within the State of California at any time during the period from at least four years prior to the filing of the original complaint in this action through the date of class certification.[4]

57.     Plaintiff also seeks to certify a proposed subclass (hereinafter the "Subclass" or "subclass members") defined as:

> All class members who have purchased a CleanNet, who signed a promissory note with Defendants in order to purchase such franchise and have performed janitorial work on behalf of Defendants within the State of California at any time during the period from seven years prior to the filing of the original complaint in this action through the date of class certification.[5]

58.     Plaintiff's claims are brought and may properly be maintained as a class action under California Code of Civil Procedure section 382, because there is a well-defined community of interest among the Class and Subclass with respect to the claims asserted herein and the proposed Class is easily ascertainable.

59.     Plaintiff is unable to state the precise number of members of the Class because that information is in the sole possessions of Defendants. Plaintiff estimates that the Class

---

[4] See, n.1, infra.

[5] See, n.2, infra.

consists of hundreds of individuals and that the number of members is so numerous that joinder of all members would be impracticable. Plaintiff further estimates that the Subclass consists of dozens of members. The names and addresses of class and subclass members are available from Defendants. Notice can be provided to the class and subclass members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

60.    Commonality. There is a community of interest among class and subclass members. This action presents common factual and legal questions because each class member has suffered the same injury, i.e., the denial of his/her rights under California's wage and hour laws as set forth in the California Labor Code and Wage Order 5. More specifically, the questions of law and fact common to the Class or Subclass include, without limitation:

a.    Whether Defendants have had a policy and practice of unlawfully misclassifying Plaintiff and putative class members as independent contractors rather than employees in order to avoid compliance with various provisions of the California Labor Code and Wage Order 5;

b.    Whether Defendants have violated California wage and hour laws by:

   i.    failing to pay the minimum wage,

   ii.    failing to pay overtime compensation,

   iii.    failing to provide off-duty meal periods,

   iv.    failing to permit rest periods,

   v.    failing to reimburse for necessary expenses,

   vi.    making unauthorized, and otherwise unlawful, deductions from wages, and

   vii.    failing to pay all wages due upon separation;

c.    Whether Defendants' practices are unlawful, fraudulent, and/or unfair in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; and

d.   Whether Defendants' acts were intended to deprive the personal liberty of Plaintiff and putative subclass members with the intent to obtain and maintain forced labor through coercion, within the meaning of California Penal Code section 236.1.

///

61.   <u>Typicality</u>. The claims of the Plaintiff are typical of the claims of class and subclass members. Plaintiff, class, and subclass members have suffered the same injury, i.e., the denial of his/her rights under California's wage and hour laws as set forth in the California Labor Code and Wage Order 5 and trafficking protections as set forth in the California Civil Code, respectively.  The application and enforcement of the applicable wage and hour or anti-trafficking laws is not unique to Plaintiff, and the Plaintiff's claims are not subject to unique defenses.

62.   <u>Adequacy</u>. Plaintiff will fairly and adequately represent and protect the interest of the Class and Subclass.  Plaintiff has no conflicts of interest with class members or subclass members, will prosecute the case vigorously on behalf of the Class and Subclass, and has already devoted time and resources to the initial investigation of these claims.  Plaintiff's counsel are competent and experienced in litigating employment actions, including wage and hour class actions.

63.   <u>Superiority of Class Action</u>. A class action is superior to other methods for the fair and efficient adjudication of the damage claims alleged herein.  Common questions of law and fact predominate over any questions affecting only individual class members.  Each class and subclass member has suffered injury and is entitled to recover.  Because common factual and legal issues predominate, class action treatment will allow those similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. In addition, because the economic damages suffered by individual class and subclass members may be relatively modest, albeit significant, compared to the expense and burden of individual litigation, it would be impracticable for each class and subclass member to seek redress individually.  Moreover separate actions would run the risk of inconsistent judgments.  Finally, there will be no undue difficulty in the management of this class action litigation.

Case No.:

1  ///

2  ///

3  ///

4  ///

5  ## FIRST CAUSE OF ACTION

6  **(Failure to Pay Minimum Wage for All Hours Worked in Violation of California Labor**
7  **Code §§ 1182.11-1182.13, 1194(a), 1194.2, 1197 and Wage Order 5-2001 by Plaintiff,**
   **individually and on behalf of the Class, Against All Defendants)**

8  64.  Plaintiff individually, and on behalf of the Class, incorporates by reference as though
9  fully set forth herein the preceding paragraphs of this Complaint.

10 65.  <u>Plaintiff and Class Members' Status as Employees</u>. The term "employee" is defined in
11 California Labor Code § 350 as a "person ... rendering actual service in any business for an
12 employer." The term "employee" is defined in section 2 of Wage Order 5 as a person who is
13 "engage[d], suffer[ed], or permit[ted] to work" by an employer. Plaintiff and all members of the
14 Class are or were employees of CleanNet for which they performed services within these
15 definitions. At all material times herein, CleanNet, including CleanNet USA and each applicable
16 Area Operator, has acted as Plaintiff and class members' "employers" and are or were
17 "employing" them.

18 66.  <u>CleanNet's Status as Employers</u>. Section 2 of Wage Order 5 defines "employer" as any
19 person who "directly or indirectly, or thorough an agent or any other person, employs or
20 exercises control over the wages, hours, or working conditions of any person." California Labor
21 Code § 350 defines "employing" as "hiring, or in any way contracting for, the services of an
22 employee." At all material times herein, CleanNet, including CleanNet USA and each applicable
23 Area Operator, has met these definitions with respect to those workers who performed services
24 for them.

25 67.  The California Labor Code, Wage Order 5, and General Minimum Wage Order applied to
26 Plaintiff's and class members' employment with Defendants at all times relevant herein.
27 California Labor Code §§ 1194, 1182.11 – 1182.13, and 1197, Wage Order 5, and the General

28

17                                                    Case No.:
CLASS ACTION COMPLAINT

1  Minimum Wage Order require employers to pay at least the minimum wage for all hours worked,

2  in an amount set by state or local law.

3      68.  The General Minimum Wage Order was in full force and effect at all times relevant to

4  this Complaint and required that Defendants pay Plaintiffs and class members the state minimum

5  wage for each hour worked at the rate of $8.00 per hour through July 1, 2014, when it increased

6  to $9.00 per hour; $10.00 per hour, beginning January 1, 2016, and finally $10.50 per hour,

7  beginning January 1, 2017.

8      69.  At all times relevant to this Complaint, many class members were additionally

9  covered by local minimum wage ordinances requiring a higher minimum hourly wage than that

10  set out in the General Minimum Wage Order.  For instance, Plaintiff was covered by the San

11  Francisco minimum wage ordinance, codified in the San Francisco Administrative Code Chapter

12  12R, which provided for a minimum wage of $9.92 per hour in 2011, $10.24 per hour in 2012,

13  $10.55 per hour in 2013, $10.74 per hour in 2014, $11.05 per hour in 2015, until May 1, 2015,

14  when it increased to $12.25 per hour.

15      70.  Further, many local minimum wage ordinances provide for penalties when

16  employees are paid below the minimum wage.

17      71.  During the Class Period, Defendants have had a policy and practice of willfully

18  and intentionally misclassifying class members as independent contractors, and have failed to pay

19  Plaintiff and members of the Class applicable minimum wages for all of the their hours worked.

20      72.  Accordingly, Plaintiff and class members are entitled to recover the unpaid

21  balance of the full amount of those minimum wages based on the highest applicable minimum

22  wage, including interest thereon, reasonable attorneys' fees, costs, civil penalties, and liquidated

23  damages. Cal. Labor Code §§ 1194, 1194.2, and 1197.1.

24  <div align="center">

**SECOND CAUSE OF ACTION**

</div>

25

26  <div align="center">

**(Failure to Pay Overtime Wages in Violation of California Labor Code §§ 510, 1194, 1198 and Wage Order 5-2001 by Plaintiff, Individually and on behalf of the Class, against All Defendants)**

</div>

27

28

<div align="center">

18

CLASS ACTION COMPLAINT

</div>

Case No.:

73.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

74.     As alleged herein, Plaintiff and the class members are past or present employees of Defendants.

75.     California Labor Code §§ 510 and 1198, and Wage Order 5 provide that employees in the janitorial industry must receive: "(a) One and one-half (1 ½) times [their] regular rate of pay for all hours worked in excess of eight (8) hours up to an including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double [their] regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek." Wage Order 5 ¶(3)(A)(1)(B).

76.     As a result of Defendants' misclassification of Plaintiff and members of the Class as independent contractors rather than as employees, Defendants have failed to provide Plaintiff and class members with overtime and other compensation in amounts to be determined at trial. Accordingly, Plaintiff and Class members are entitled to recover such amounts, plus interest thereon, and reasonable attorneys' fees and costs. Cal. Labor Code § 1194.

## THIRD CAUSE OF ACTION

**(Failure to Provide Off-Duty Meal Periods in Violation of California Labor Code § 226.7, 512, and 558.1, and Wage Order 5, by Plaintiff, individually and on behalf of the Class, against All Defendants)**

77.     Plaintiff individually, and on behalf of the Class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

78.     As alleged herein, Plaintiff and class members are past or present employees of Defendants.

79.     Labor Code § 512 and Wage Order 5 § 10(A) require that an employer provide a meal period of at least 30 minutes in which each employee is relieved of all duty for every five (5) hours worked. Wage Order 5 § 10(B) requires that an employer must provide a second meal

1   period relieved of all duty of no fewer than 30 minutes for all work days on which an employee

2   works more than ten (10) hours.

3        80.    Labor Code §§ 226.7 and 512 and Wage Order 5 § 10(F) provide that an

4   employee shall receive a premium of one hour pay for each day worked in which his or her

5   employer did not provide the meal period(s) required by Labor Code § 512 and Wage Order 5 §

6   10(A), (B).

7        81.    During the Class Period, Defendants have had a policy and practice of failing to

8   provide required meal periods.  In particular, Defendants set class members' schedules for

9   cleaning assignments such that taking a 30-minute uninterrupted meal period was not generally

10  possible. As a result of Defendants' failure to provide Plaintiff and class members with

11  compliant meal periods, Plaintiff and class members are entitled to one hour of additional pay at

12  the regular rate of compensation for each workday that the compliant meal periods were not

13  provided, attorneys' fees, and interest, pursuant to Labor Code §§ 226.7(b), 218.5, and 512, and

14  Wage Order 5 § 10.

### FOURTH CAUSE OF ACTION

**(Failure to Authorize and Permit Rest Periods in Violation of California Labor Code § 218.5, 226.7, and 558.1, and Wage Order 5, by Plaintiff, individually and on behalf of the Class, against All Defendants)**

19        82.    Plaintiff individually, and on behalf of the Class, incorporates by reference as

20  though fully set forth herein the preceding paragraphs of this Complaint.

21        83.    As alleged herein, Plaintiff and class members are past or present employees of

22  Defendants.

23        84.    Pursuant to Wage Order 5 § 12, "[e]mployees are entitled to 10 minutes rest for

24  shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours

25  up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker*

26  *Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1029 (citing Wage Order 5).

27        85.    Labor Code § 226.7(b) states: "If an employer fails to provide an employee a meal

28  period or rest period in accordance with an applicable order of the Industrial Welfare

Case No.:

1    Commission, the employer shall pay the employee one additional hour of pay at the employee's

2    regular rate of compensation for each work day that the meal or rest period is not provided."

3          86.     During the Class Period, Defendants have had a policy and practice of failing to

4    permit and authorize Plaintiffs and class members from taking required rest periods. In particular,

5    Defendants did not authorize or permit rest periods, and further set class members' schedules for

6    cleaning assignments such that taking off duty rest periods was not generally possible.

7    Defendants scheduled class members' assignments so tightly that it was never possible to take

8    breaks while working.

9          87.     As result of Defendants' failure to permit and authorize Plaintiff and class

10   members to take required rest periods, Defendants are liable to Plaintiff and class members for

11   one hour of additional pay at the regular rate of compensation for each workday that the required

12   rest periods were not provided, attorneys' fees, penalties, and interest, pursuant to Labor Code §§

13   226.7(b), 218.5, and Wage Order 5.

14   <center>**FIFTH CAUSE OF ACTION**</center>

15   <center>**(Failure to Indemnify Employees for Expenses in Violation of California Labor Code §**

16   **2802 by Plaintiff, individually and on behalf of the Class, against All Defendants)**</center>

17         88.     Plaintiff individually, and on behalf of the Class, incorporates by reference as

18   though fully set forth herein the preceding paragraphs of this Complaint.

19         89.     As alleged herein, Plaintiff and class members are past or present employees of

20   Defendants.

21         90.     California Labor Code § 2802 provides that: "An employer shall indemnify his or

22   her employee for all necessary expenditures or losses incurred by the employee in direct

23   consequence of the discharge of his or her duties, or of his or her obedience to the directions of

24   the employer, even though unlawful, unless the employee, at the time of obeying the directions,

25   believed them to be unlawful.... For purposes of this section, the term 'necessary expenditures or

26   losses' shall include all reasonable costs, including, but not limited to, attorneys' fees incurred by

27   the employee enforcing the rights granted by this section." This provision of the California

28

<center>21</center>

1  Labor Code imposes strict limitations on an employer's ability to offset the costs of business by

2  imposing financial obligations on employees as a condition of discharging their duties.

3      91.    Defendants have required Plaintiff and members of the Class to make purchases

4  and incur work-related expenses without reimbursement. Defendants continue to impose this

5  requirement.

6  ///

7  ///

8      92.    Plaintiff and members of the Class are therefore are entitled to recover all actual

9  and statutory damages and penalties applicable to these expenses, as well as reasonable costs of

10  suit and attorneys' fees, in amounts to be proven at trial.

11                          **SIXTH CAUSE OF ACTION**

12  **(Unlawful Deductions from Wages in Violation of California Labor Code § 221 by Plaintiff,**
13              **individually and on behalf of the Class, against All Defendants)**

14      93.    Plaintiff individually, and on behalf of the Class, incorporates by reference as

15  though fully set forth herein the preceding paragraphs of this Complaint.

16      94.    As alleged herein, Plaintiff and class members are employees of Defendants.

17      95.    California Labor Code § 221 provides that: "It shall be unlawful for any employer

18  to collect or receive from an employee any part of wages theretofore paid by said employer to

19  said employee." This statute and other provisions of the California Labor and Civil Codes impose

20  strict limitations on an employer's right to withhold or deduct unauthorized amounts from

21  employees' wages.

22      96.    Defendants have made unauthorized and otherwise unlawful deductions from the

23  wages of Plaintiff and members of the Class, including, but not limited to excessive and unfair

24  royalty fees, management fees, franchise fees, and other miscellaneous fees.

25      97.    Accordingly, Plaintiff and members of the Class are entitled to recover all actual

26  and statutory damages available for these violations, as well as reasonable costs of suit and

27  attorneys' fees, in amounts to be proven at trial.

28                          **SEVENTH CAUSE OF ACTION**

**(Waiting Time Penalties in Accordance with California Labor Code §§ 201-203 by Plaintiff, Individually and on behalf of the Class, Against All Defendants)**

98.     Plaintiff individually, and on behalf of the Class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

99.     As alleged herein, Plaintiff and class members are past or present employees of Defendants.

///

100.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due immediately at the time of discharge, or immediately at the time of quitting where 72 hours-notice has been provided; or within 72 hours of resignation made without 72 hours-notice.

101.    Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon separation, as required by §§ 201 or 202, then the employer is liable for waiting time penalties in the form of one day of wages for up to 30 days.

102.    Defendants have failed to pay all earned wages to Plaintiff and class members during their employment with Defendants. In addition, during the Class Period, Defendants have not paid earned wages to Plaintiff and class members upon separation from employment, in violation of Labor Code §§ 201 and 202.  Defendants' conduct in this regard has been willful.

103.    As a consequence of Defendants' willful failure to pay wages due to each such employee following separation from employment as required by Labor Code §§ 201 and 202, Plaintiff and class members whose employment has ended during the Class Period are entitled to recover from Defendants an additional sum as a penalty, pursuant to Labor Code § 203, equal to a day's wages, for thirty (30) days, plus interest, for each employee who separated from employment with Defendants, in amounts according to proof at trial, attorneys' fees, and costs.

## EIGHTH CAUSE OF ACTION

**(Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq.* by Plaintiff, individually and on Behalf of the Class, against All Defendants)**

104.    Plaintiff individually, and on behalf of the Class, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

23                                         Case No.:

105. The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

106. Defendants' conduct as described above constitutes unlawful business practices because the conduct violated, and continues to violate, various sections of the California Labor Code, including but not limited to §§ 201 and 202 (requiring payment of all wages due upon termination of employment), 204 (requiring timely bimonthly payment of wages), 221 (prohibiting unlawful, unauthorized deductions from wages), 226 (requiring provision of accurate itemized wage statements), 226.8 (prohibiting the misclassification of employees as independent contractors), 450 (prohibiting forced patronage of employer), 510 (requiring payment of premium pay for all overtime hours worked), 1174 (requiring maintenance of employee payroll, pay rate, and hours worked records), 1182.11-1182.13 and 1197 (requiring payment of state minimum wage for all hours worked), 1198 (prohibiting employment under substandard conditions), 2802 (requiring employer to indemnify employees for all expenses incurred in discharge of duties), and 2810 (prohibiting insufficient contracts for provision of janitorial services).

107. Defendants' conduct as described above constitutes unfair business practices. In particular, Defendants regularly engaged in at least the following unfair practices:

    a. Inducing Plaintiff and members of the Class to sign illusory franchise contracts and pay valuable consideration, by using high pressure sales tactics, failing to disclose material information and documents, making misrepresentations about critical terms of the contract and targeting vulnerable populations, such as non-English-speaking immigrants;

    b. Offering contracts to Plaintiff and members of the Class that are filled with unconscionable terms;

    c. Failing to provide or make available translations of the franchise contracts or related documents in the languages in which they are marketed and sold to Plaintiff and members of the Class (*see* California Civil Code § 1632);

d. Using a variety of tactics to keep Plaintiff and members of the Class from leaving their employment with Defendants and forcing them to continue to pay fees, systemically underbidding cleaning accounts, charging excessive and unwarranted fees, deducting these fees from the income generated by Plaintiff and Class members, providing inadequate information about the nature of the cleaning services required at its cleaning accounts, taking accounts from Plaintiff and Class members without notice or justification, and failing to provide enough cleaning accounts to meet the monthly income guarantees in the franchise contracts;

e. Misclassifying Plaintiff and members of the Class as independent contractors (non-employees) and misrepresenting and concealing from Plaintiff and members of the Class their status as employees, in violation of California Labor Code § 226.8;

f. Failing to pay Plaintiff and members of the Class the wages required by law when due, including but not limited to minimum wages and overtime compensation, and other wages and protections, all in violation of California Labor Code §§ 201, 202, 204, 510, 1197, and 1198, and Wage Order 5;

g. Requiring Plaintiff and members of the Class to make purchases and failing to reimburse them for expenses incurred in the course of discharging their duties, in violation of California Labor Code §§ 450 and 2802; and

h. Knowingly contracting for janitorial services at prices too low to permit compliance with minimum labor standards and thus depriving Plaintiff and members of the Class of the wages, benefits, and protections to which they were entitled by law in violation of Labor Code § 2810.

108.   Defendants' conduct as described above further constitutes fraudulent business practices. In particular, Defendants induced Plaintiff and other class members to purchase local franchises, and sign franchise agreements, through false representations.

109.   As a result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff and members of the Class have suffered injury in fact and have lost money and property, including, but not limited to lost wages and benefits as alleged herein.

110.   Pursuant to California Business and Professions Code § 17203, Plaintiff and Class members seek declaratory and injunctive relief, disgorgement, restitution of lost wages, and other monies lost as a result of Defendants unlawful and unfair business practices, a declaration that Defendants' practice are unlawful and unfair, and an injunction prohibiting Defendants from continuing these practices.

///

111.   Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and members of the Class are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## NINTH CAUSE OF ACTION

**(Violation of the California Trafficking Victims Protection Act, Cal. Civ. Code § 52.5, by Plaintiff, individually and on Behalf of the Subclass, against Defendants)**

112.   Plaintiff individually, and on behalf of the Subclass, incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

113.   The California Trafficking Victims Protection Act, codified at Cal. Civ. Code § 52.5, provides, *inter alia*, that:

(a) "A victim of human trafficking, as defined in Section 236.1 of the Penal Code, may bring a civil action for actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. A prevailing plaintiff may also be awarded attorney's fees and costs."

(b) "In addition to the remedies specified herein, in any action under subdivision (a), the plaintiff may be awarded up to three times his or her actual damages or ten thousand dollars ($10,000), whichever is greater. In addition, punitive damages may also be awarded upon proof of the defendant's malice, oppression, fraud, or duress in committing the act of human trafficking."

114.    Cal. Penal Code § 236.1(a) provides: "Any person who deprives or violates the personal liberty of another with the intent to obtain forced labor or services, is guilty of human trafficking ..."

115.    Cal. Penal Code § 236.1 also provides in relevant part:

(g) "The Legislature finds that the definition of human trafficking in this section is equivalent to the federal definition of a severe form of trafficking found in Section 7102(8) of Title 22 of the United States Code."

(h) For purposes of this chapter, the following definitions apply:

///

(1) "Coercion" includes any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; the abuse or threatened abuse of the legal process; debt bondage; or providing and facilitating the possession of any controlled substance to a person with the intent to impair the person's judgment."

(3) "Deprivation or violation of the personal liberty of another" includes substantial and sustained restriction of another's liberty accomplished through force, fear, fraud, deceit, coercion, violence, duress, menace, or threat of unlawful injury to the victim or to another person, under circumstances where the person receiving or apprehending the threat reasonably believes that it is likely that the person making the threat would carry it out."

(4) "Duress" includes a direct or implied threat of force, violence, danger, hardship, or retribution sufficient to cause a reasonable person to acquiesce in or perform an act which he or she would otherwise not have submitted to or performed...."

(5) "Forced labor or services" means labor or services that are performed or provided by a person and are obtained or maintained through force, fraud, duress, or coercion, or equivalent conduct that would reasonably overbear the will of the person."

(8) "Serious harm" includes any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor, services, or commercial sexual acts in order to avoid incurring that harm."

116.   Section 7102(9) of Title 22 of the United States Code defines "severe forms of trafficking in persons" as "the recruitment, harboring, transportation, provision, or obtaining of a person for labor of services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery.

117.   Plaintiffs and putative subclass members were coerced to perform labor and services for Defendants by means of:

    a.   serious psychological, financial, or reputational harm and threats of serious psychological, financial, or reputational harm; and/or

    b.   the abuse and threatened abuse of law or legal process to Plaintiff and the putative subclass members; and

    c.   a scheme, plan, pattern, and uniform policy intended to cause Plaintiff and the putative subclass members to believe that, if they did not perform such labor, that they would suffer serious psychological, financial, or reputational harm.

118.   Defendants reduced their labor costs and expenses, and increased their profits, through their fraudulent scheme to coerce Plaintiff and putative subclass members to labor on their behalf.

119.   Defendants knowingly and financially benefitted from participation in a venture, plan, scheme, pattern of conduct, and practice Defendants knew, or should have known, were unlawful and in violation California forced labor laws pursuant to Cal. Civ. Code § 52.5.

120.   Accordingly, Plaintiff and the subclass members respectfully request that the Court issue declaratory relief declaring Defendants' practice(s) involving coercing Plaintiff and subclass members to perform labor and services under threat of serious harm to be illegal and unlawful.

121.   Plaintiff and the subclass members have suffered damages in an amount to be determined at trial. Plaintiff and the subclass members request the Court enter an order pursuant to Cal. Civ. Code § 52.5 awarding Plaintiff and the subclass members compensatory and punitive damages.

122.   Plaintiff and the putative subclass members request the Court enter an order pursuant to Cal. Civ. Code § 52.5 awarding Plaintiff and the putative subclass members mandatory restitution.  Plaintiff and the putative subclass members are entitled to recover their reasonable attorneys' fees pursuant to Cal. Civ. Code § 52.5(a).  Plaintiff and the putative subclass members therefore also seek pre-and-post-judgment interest and attorneys' fees and costs as allowed by statute and as they are entitled to recover pursuant Cal. Civ. Code § 52.5(s).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief for himself and on behalf of the Class and Subclass:

A.   That the Court certify the Class and Subclass and appoint Plaintiff and his counsel to represent the Class and the Subclass pursuant of Code of Civil Procedure section 382;

B.   That the Court find and declare that Defendants acts and practices as alleged herein are, illegal, unlawful and unfair;

C.   That the Court issue an order permanently enjoining Defendants from engaging in unlawful employment practices;

D.   That the Court issue an order permanently enjoining Defendants from engaging in the  unlawful and unfair practices pursuant to California Business and Professions Code section 17203;

E.   That the Court award compensatory damages and penalties to Plaintiff and the Class for violations of the California Labor Code and the San Francisco Administrative Code and other applicable local minimum wages in an amount according to proof;

F.   That the Court order restitution to Plaintiff and the Class pursuant to California Business and Professions Code section 17203 in an amount according to proof;

G.   That Plaintiff and the Class be awarded pre-judgment interest on all sums collected;

H.   That the Court award restitution, damages, treble damages, and punitive damages to Plaintiff and Subclass Members in an amount to be determined at trial;

I.   That the Court grant costs of suit, including reasonable attorneys' fees, costs, and expenses; and

J.   That the Court grant all such other relief as the Court deems just and proper.

///

Dated: November 21, 2017                    Respectfully Submitted,

                                            Mana Barari
                                            Carole Vigne
                                            Henry Hewitt

                                            LEGAL AID AT WORK


                                    By _____
                                            CAROLE VIGNE


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated: November 21, 2017

                                            Mana Barari
                                            Carole Vigne
                                            Henry Hewitt
                                            LEGAL AID AT WORK


                                    By _____
                                            CAROLE VIGNE


                                            30                           Case No.:
                                    CLASS ACTION COMPLAINT